UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFE HAVEN BABY BOXES, )
)
      Plaintiff, )
) Case No: 2:24-CV-51-JLB-KCD
vs. )
)
A SAFE HAVEN FOR NEWBORNS )
GLORIA M. SILVERIO FOUNDATION, )
NICK E. SILVERIO, )
SOUTH TRAIL FIRE AND RESCUE )
DISTRICT )
AND )
AMY BOLLEN )
      Defendant. )

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, Safe Haven Baby Boxes, Inc. ("**SHBB**" or "**Plaintiff**"), through undersigned counsel, and respectfully submits this Complaint for Damages against Defendant(s), A Safe Haven for Newborns Gloria M. Silverio Foundation ("**SHFN**"), Nick E. Silverio, ("**Silverio**"), South Trail Fire and Rescue District ("**District**"), and Amy Bollen ("**Bollen**") (collectively, "**Defendants**"), for claims consisting of: (1) Defamation and (2) Tortious Interference with a Contract or Business Relationship. In support of these claims, Plaintiff states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Safe Haven Baby Boxes, Inc. is an Indiana corporation with its principal office located at 22416 Front Street, PO Box 185, Woodburn, Indiana, 46797.

2. Defendant A Safe Haven for Newborns Gloria M. Silverio Foundation is a Florida organization with its principal office located at 6955 NW 77th Avenue, Suite #302, Miami, Florida 33166.

3. Defendant Nick E. Silverio is domiciled in and resident of Miami-Dade County, Florida.

4. Defendant Amy Bollen is domiciled in and resident of Lee County, Florida.

5. Defendant South Trail Fire and Rescue District is a fire station located at 5531 Halifax Avenue, Fort Myers, Florida 33912.

6. Venue is proper in this Court pursuant to Florida Statute § 47.011 as the Defendant(s) resides in this district and the action at issue accrued in this district.

7. The amount in controversy exceeds or is at least $75,001.00.

8. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332, based on the foregoing.

## FACTS

1. In 2021, the District contacted SHBB with the intention to install one of SHBB's Baby Boxes ("**Device**") at District's fire station.

2. Subsequently, in or around July 2023, SHFN contacted District and provided several statements, in both a verbal and written format, at a Florida state Public Information Officer meeting. These statements included, *inter alia*:

    a. SHBB's Devices have failed or are defective;

    b. The Alarm System in the Device is not reliable;

    c. The Device's weighted sensor is not reliable;

    d. The Device costs upwards of $16,000.00;

    e. It is currently against Florida Law to leave a baby in the Device;

    f. The Devices are not supported by Homeland Security;

    g. The Devices pose a threat to the safety of a surrendered infant;

    h. The Device is a fixture so it is required to comply with certain listing requirements;

      i. The Device is similar or the same as an unrelated organization based out of Germany's baby hatch; and

      j. That SHBB is required to have a safety rating.

(*See* **Exhibit "A"**)

3. The foregoing statements made by SHFN are false and misleading.

4. First, SHBB's Devices have never "failed," as put forward in the above terms.

5. SHBB have always complied with the strict time requirements under Florida State Law in which a responder to tend to the surrendered infant once the alarm is tripped.

6. Furthermore, the Device is leased, not purchased. The fees raised for the Device are principally for the cost of production and for the provider to pay a contractor for installation of the Device.

7. Florida State Law does not prohibit the maintenance, use, or installation of the Device. Several municipalities have passed resolutions expressly permitting the Device to be installed and maintained.

8. The current Safe Haven Statute does not expressly prohibit surrender via a Safety Device.

9. Defendant Bollen, the District, and SHFN were advised of the falsity of the foregoing statements and demanded to cease and desist from maintaining same as well as to retract same from the parties they independently and/or respectively disseminated them to.

10. Despite the foregoing statements' false and misleading nature, Defendant Bollen and District knowingly sent communications to several other fire station personnel, in her own district and others, regarding SHBB's Devices.

11. Furthermore, Defendant SHFN has continued to knowingly propagate these false statements among other fire stations within Florida, directly impacting Plaintiff's ability to find emergency service providers who wish to install the Device.

12. On or around August 25, 2023, Plaintiff, through undersigned counsel, sent a cease-and-desist letter ("**Letter**") (A true and accurate copy is attached hereto as **Exhibit "B"**) to Defendants District and Bollen, providing notice that the information was false and misleading and demanding that they cease any further dissemination of information.

13. On or around August 28, 2023, Plaintiff sent a similar Letter to SHFN (A true and accurate copy is attached hereto as **Exhibit "C"**), requesting that they cease disseminating the false and misleading information. However, SHFN never responded to Plaintiff's Letter.

14. The above Letters constitute notice required under Fla. Stat. § 770.01.

15. On or around August 29, 2023, Plaintiff was contacted by District and Bollen's counsel, denying Plaintiff's request to cease disseminating the foregoing statements.

## COUNT I
## DEFAMATION (LIBEL)
### (as to all Defendants)

16. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

17. Under Florida law, "[a] civil action for libel will lie when there has been a false and unprivileged publication by letter, or otherwise, which exposes a person to distrust, hatred, contempt, ridicule, or obloquy or which causes such person to be avoided, or which has a tendency to injure such person in his office, occupation, business or employment." *Cooper v. Miami Herald Publishing Co.*, 159 Fla. 296, 31 So.2d 382, 384 (Fla. 1947)

18. Under Florida State law, the elements of defamation are as follows:

   a. Publication;

   b. Falsity;

   c. Actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person;

   d. Actual damages;

   e. Statement must be defamatory.

*Internet Solutions Corp v. Marshall*, 39 So.3d 1201 (Fla. 2010) (citing *Jews for Jesus, Inc. v. Rapp*, 977 So.2d 1098, 1106 (Fla. 2008)).

19. All Defendants have put into the public sphere the aforementioned false and misleading statements and disseminated them among other Florida fire stations via email and other written communications.

20. On July 24, 2023, Defendant Bollen engaged in further libel by stating in an email additional false statements including, *inter alia*, "Safe Haven Baby Boxes are NOT endorsed by Safe Haven for Newborns... The company who "created" these boxes <u>stole parts of their name to make it seem like they were in it together</u>." (Exhibit A) (Emphasis added).

21. Despite receiving notice from Plaintiff regarding the falsity of the aforementioned statements, Defendants refused/failed to continue circulating the statements.

22. As a result of the false and misleading statements, several fire stations, which are one of Plaintiff's primary contractors, have refused to respond or speak to Plaintiff regarding installations of the Device.

23. The aforementioned statements speak to the quality, honesty, and reputation of Plaintiff, thereby being defamatory.

24. Furthermore, the false statements actively disparage Plaintiff's business, causing potential business opportunities to be lost.

**WHEREFORE**, Plaintiff, Safe Have Baby Boxes, Inc., through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendants, A Safe Haven for Newborns Gloria M. Silverio Foundation, Amy Bollen, and South Trail Fire and Rescue District, in an amount to be determined at trial, including actual damages, punitive damages, attorneys' fees, costs, expenses, and for all other just and proper relief in the premises.

### COUNT II
### DEFAMATION (SLANDER)
### (as to Defendant SHFN and Silverio)

25. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

26. As stated by the Court in *Scott v. Busch*, "[s]lander is a spoken or oral defamation of another which is published to others and which tends to damage that person's reputation, ability to conduct that person's business or profession, and which holds that person up to disgrace and humiliation." *Scott v. Busch*, 907 So.2d 662, 667 (Fla. 5th Dist. Ct. App. 2005).

27. In or around July 2023, Defendant Bollen attended a Florida State Public Information Officer meeting where Defendant SHFN hosted an information session.

28. At this session, SHFN made several verbal statements that were false or misleading. These statements were, *inter alia*:

    a. SHBB "stole parts of [SHFN's] name to make it seem like they were in it together."

    b. The Devices "[d]o not follow the safe haven law that states that the newborn MUST be left with a staff member."

    c. The Devices "are not supported by homeland security as they are easy entry points and to a building."

    d. The Devices "are not supported by fire prevention for building construction or hurricane construction of a building."

    e. The Devices "have been proven in other areas of the US that the alarms are not 100% reliable to notify someone something has been placed in the box."

29. The substance of the foregoing statements was verbally published by Defendant SHFN at the aforementioned Public Information Officer meeting and are false and/or misleading.

30. As a proximate result of the foregoing statements, Defendant Bollen disseminated the statement among other fire stations in Florida as mentioned in the preceding paragraphs, causing Plaintiff to lose several contracts that were being negotiated and refusal to communicate from others.

31. The aforementioned statements speak to the quality, honesty, and reputation of Plaintiff, thereby being defamatory.

32. Furthermore, the false statements actively disparage Plaintiff's business, causing potential business opportunities to be lost.

**WHEREFORE**, Plaintiff, Safe Have Baby Boxes, Inc., through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendants, A Safe Haven for Newborns Gloria M. Silverio Foundation, Amy Bollen, and South Trail Fire and Rescue District, in an amount to be determined at trial, including actual damages, punitive damages, attorneys' fees, costs, expenses, and for all other just and proper relief in the premises.

## COUNT III
## LIBEL PER SE
## (as to Defendant Amy Bollen)

33. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

34. Under Florida Law, "a publication is libelous per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) <u>it tends to subject one to hatred, distrust ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession.</u>" *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953)

35. In Defendant Bollen's July 24, 2023 email, she stated that "Safe Haven Baby Boxes are NOT endorsed by Safe Haven for Newborns... The company who "created" these boxes <u>stole parts of their name to make it seem like they were in it together.</u>" (Exhibit A).

36. Defendant Bollen's statement was made with knowledge or reckless disregard as to the falsity and injured Plaintiff's reputation for honesty and integrity.

37. Plaintiff relies on their reputation for honesty when contracting with emergency service providers for the installation of Devices.

38. The idea of "stealing" another charity's name further damages Plaintiff's reliability among emergency service providers and infringes on Plaintiff's goal of providing a safe and secure place to relinquish newborns.

**WHEREFORE**, Plaintiff, Safe Have Baby Boxes, Inc., through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendants, A Safe Haven for Newborns Gloria M. Silverio Foundation, Amy Bollen, and South Trail Fire and Rescue

District, in an amount to be determined at trial, including actual damages, punitive damages, attorneys' fees, costs, expenses, and for all other just and proper relief in the premises.

### COUNT IV
### TORTIOUS INTERFERENCE WITH A CONTRACT OR BUSINESS RELATIONSHIP
### (As to Defendants SHFN, Silverio and Bollen)

39. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. In order to prevail in an action based on Tortious Interference with a Contract or Business Relationship, Plaintiff must show the following elements:

    a. The existence of a business relationship, not necessarily evidence by an enforceable contract;

    b. Knowledge of the relationship on the part of the defendant;

    c. An intentional and unjustified interference with the relationship; and

    d. Damage to the plaintiff as a result of the interference.

*Font & Nelson, PLLC v. Path Medical, LLC,* 317 So.3d 134 (Fla. Dist. Ct. App. 2021)

41. SHBB had reached out to District to inquire about installing a Device at their location.

42. Following this interaction, District and Bollen began communicating with SHFN regarding the foregoing false and misleading statements.

43. Shortly thereafter, District and Bollen began disseminating the foregoing statements conferred to them by SHFN among other Florida fire station personnel, directly targeting one of SHBB's primary sources of contractors.

44. The Defendants' conduct has not only interfered with their business relationship with District, but with several other fire stations in Florida as well.

**WHEREFORE**, Plaintiff, Safe Have Baby Boxes, Inc., through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendants, A Safe Haven for Newborns Gloria M. Silverio Foundation, Amy Bollen, and South Trail Fire and Rescue District, in an amount to be determined at trial, including actual damages, punitive damages, attorneys' fees, costs, expenses, and for all other just and proper relief in the premises.

Respectfully submitted,

**PODLASKI**
ATTORNEYS
/s/Nicholas A. Podlaski
Nicholas A. Podlaski, #32412-02 (State of Indiana License No.)
Kevin P. Podlaski, #25168-02 (State of Indiana License No.)
M. Brooks Pearce, #37750-06 (State of Indiana License No.)
803 S. Calhoun Street, Suite 110
Fort Wayne, Indiana 46802
260-222-2902
nick@podlaskilegal.com
kevin@podlaskilegal.com
brooks@podlaskilegal.com
*Attorneys for Plaintiff*

Date : 7/24/2023 2:49:56 PM
From : "Andrea Schuch" aschuch@capecoral.gov
To : "Amy Bollen" abollen@southtrailfire.org, "McLellan, Alexis" McLellan@SanCarlosFire.org, "Contreras" Contreras@ionafire.com, "Susan Lindenmuth" lindenmuth@esterofire.org, "Lindsey Powell" lpowell@southtrailfire.org, "Katie Heck" Katie.Heck@lehighfd.com, "Hornberger Nicole" nicoleh@bonitafire.org
Subject : Re: [EXTERNAL] - Re: Safe Haven Baby Boxes

Thanks so much Amy! I had some lady call and ask if we wanted boxes/were going to get boxes and I basically just told her no. I appreciate having the reasoning in more detail!
**From:** Amy Bollen <abollen@southtrailfire.org>
**Sent:** Monday, July 24, 2023 2:42:28 PM
**To:** McLellan, Alexis <McLellan@SanCarlosFire.org>; Contreras <Contreras@ionafire.com>; Susan Lindenmuth <lindenmuth@esterofire.org>; Lindsey Powell <lpowell@southtrailfire.org>; Katie Heck <Katie.Heck@lehighfd.com>; Hornberger Nicole <nicoleh@bonitafire.org>; Andrea Schuch <aschuch@capecoral.gov>
**Subject:** [EXTERNAL] - Re: Safe Haven Baby Boxes

**Caution ◆ This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.**

---

https://apnews.com/article/baby-boxes-florida-7a6dd3598f9c8a37be5c913572abdd62
This article explains it well.
Amy Bollen
Director of Public Relations
South Trail Fire Protection & Rescue Service District
(239) 936-5281 -Office
(239) 699-6887 -Cell/Text
www.southtrailfire.org
**From:** Amy Bollen <abollen@southtrailfire.org>
**Sent:** Monday, July 24, 2023 2:21:30 PM
**To:** McLellan, Alexis <McLellan@SanCarlosFire.org>; Contreras <Contreras@ionafire.com>; Susan Lindenmuth <lindenmuth@esterofire.org>; Lindsey Powell <lpowell@southtrailfire.org>; Katie Heck <Katie.Heck@lehighfd.com>; Hornberger Nicole <nicoleh@bonitafire.org>; 'Andrea Schuch (aschuch@capecoral.net)' <aschuch@capecoral.net>
**Subject:** Fwd: Safe Haven Baby Boxes

I received this email today so I wanted to be sure to share the info Alexis and I learned at the state PIO meeting. Safe Haven Baby Boxes are NOT endorsed by Safe Haven for Newborns. They are highly discouraged by them. The company who "created" these boxes stole parts of their name to make it seem like they were in it together. They are highly discouraged for a good number of reasons, the top ones being that they:

1. Do not follow the safe haven law that states that the newborn MUST be left with a staff member.

**EXHIBIT "A"**

2. The boxes are not supported by homeland security as they are easy entry points and to a building.
3. They are not supported by fire prevention for building construction or hurricane construction of a building. They breach a large hole in an exterior wall, some being rated firewalls.
4. They have been proven in other areas of the US that the alarms are not 100% reliable to notify someone something has been placed in the box. Firefighters can be gone for hours from that station.
5. Many of the alarms are required to have power and Wi-Fi at all times, hurricane Ian proved that fire stations are not immune to that.
6. They cost like $15,000 or more plus maintenance.

I'm sure there are more reasons, Alexis might be able to fill in more. But I say this because when I tell this Girl Scout no, I want all of you to be aware of why in case you're the next chosen ones. Obviously, our local politicians need some education, aka Mayor Anderson.
Amy Bollen
Director of Public Relations
South Trail Fire Protection & Rescue Service District
(239) 936-5281 -Office
(239) 699-6887 -Cell/Text
www.southtrailfire.org

**From:** kpgjones@comcast.net <kpgjones@comcast.net>
**Sent:** Monday, July 24, 2023 1:55:13 PM
**To:** Amy Bollen <abollen@southtrailfire.org>
**Subject:** Safe Haven Baby Boxes

Dear Ms. Bollen,
Hello, my name is Kaylee Jones, and I am a local Senior Girl Scout in Troop 673. I am currently attempting to start my Gold Award project, which is the highest award a Girl Scout can earn. For my project, I am working towards the possibility of getting a Safe Haven Baby Box installed at a fire station in Fort Myers. Several weeks ago, I stopped at Fire Station #62 and spoke with one of the Fire Fighters about the idea of installing one there. He was very receptive to the idea. He gave me your card and suggested I contact you about this possibility. In case you aren't aware of this project, here is some information.

I recently met with Mayor Anderson to talk about this project. He likes the idea, but he wanted it to have a larger area of impact and suggested that I work to get a state law. However, Florida has tried to pass a Safe Haven Baby Box law, and it has failed three times. While I continue to pursue the passage of a State Law, I also want to start pursuing a local ordinance so we can install a baby box in Fort Myers as soon as possible. Mayor Anderson also recommended I work on a County Ordinance for a box to be placed at a county fire station. Florida currently has one baby box in the city of Ocala through a local ordinance. The box has been there for two years, and they just had their first baby surrendered in January, and the firefighter who retrieved the baby from the box ended up adopting her!

The reason we need a local ordinance is because the Safe Haven Law does not cover everything. In the Safe Haven Law, it states that the parent must surrender the baby in person to an employee of the fire station or hospital. This method is confidential, but not anonymous. This method does not meet all the needs of a parent in crisis. We know this is not enough because Florida just had a baby abandoned in the woods in Newberry, Florida on January 28th. If the baby had not been found in time, it most likely would have died. The Safe Haven Baby Box law allows a mother/father to surrender their baby anonymously in a box that is installed in the outer wall of a hospital or a fire station. Most surrenders are at fire stations because there are not as many people around, so they are less likely to be seen. The baby box is temperature controlled and has a bassinet to place the baby in. There is an orange bag inside of the box for the mother/father to take that has resources that they can go to for help after surrendering their baby. The parent has 30 days to change their mind, and there is a process they can go through to try and get the baby back. When the door is opened, a silent call goes to 911. A second call is made when the baby is placed in the bassinet. The door automatically locks once it is closed with the baby safely inside the box. About one minute after the second call, an alarm goes off at the Baby Box location. This process allows the parent to leave the area without being seen. The babies are retrieved from the bassinet in less than 5 minutes. They are then transported to the local hospital by ambulance for evaluation, and are then placed in a local child-placing agency (for adoption).

This program was started by the founder, Monica Kelsey, in Woodburn, Indiana in 2017. Indiana currently has 103 Baby Boxes, and there are 156 Baby Boxes in the nation! There has not been any infant abandonment deaths since this program started there. There have been 33 babies surrendered in a box so far this year. Currently, there are 11 states that have a Baby box law. I can�t wait to hear back from you! I would be happy to meet with you to give you more information. You can also go to their website, SHBB.org for more information.

From,
Kaylee Jones
Girl Scout Troop 673
Gold Award Project



# PODLASKI LLP
## ATTORNEYS AT LAW

Kevin P. Podlaski, Esq.
kevin@podlaskilegal.com

Alison V. Wright, Esq.
alison@podlaskilegal.com

Ryan E. Holden, Esq.
ryan@podlaskilegal.com

Nicholas A. Podlaski, Esq.
nick@podlaskilegal.com

Christopher R. Moon, Esq.
chris@podlaskilegal.com

M. Brooks Pearce, Esq.
brooks@podlaskilegal.com

August 25, 2023

*VIA: EMAIL AND FIRST CLASS MAIL:*

South Trail Fire and Rescue District
ATTN: Amy Bollen (*abollen@southtrailfire.org*)
Director of Public Relations
5531 Halifax Ave.
Fort Myers, FL 33912

RE:   Safe Haven Baby Boxes, Inc.--Cease and Desist

Ms. Bollen:

I am attorney Nick Podlaski of Podlaski LLP. My firm has retained counsel for Safe Haven Baby Boxes Inc. ("**SHBB**"). I am writing on my client's behalf to demand that you immediately cease and desist from disseminating false and disparaging documentation and communications to third parties regarding SHBB.

Additionally, I write to formally advise you that this correspondence shall serve as a litigation hold letter pertaining to any and all documents and communications (including electronically stored information and metadata) had by you and or anyone at the South Trail Fire Protection and Rescue Service District and any other party regarding SHBB (including any of its officers, members, agents, employees, successors in interest, volunteers and/or assigns) and or placing a baby box at any location within your district.

As you know, SHBB is an Indiana Corporation with both State of Indiana and Federal 501(c)(3) designation status. It engages in the business of safe haven education and offers its patented product, a Safe Haven Baby Boxes, Inc. Baby Box to facilitate safe and anonymous safe haven statute infant surrenders across the United States. Around two years ago you have reached out to my client to inquire about installing a Baby Box at one of your locations. Also, more recently within the last few months you have been in communication with an organization called A Safe Haven for Newborns Gloria M. Silverio Foundation ("**SHFN**").



803 S. Calhoun Street, Suite 110
Fort Wayne, IN 46802
| info@podlaskilegal.com | 260.782.1712 | www.podlaskilegal.com

**EXHIBIT "B"**

You are hereby advised that the information disseminated by SHFN contains inaccurate, false, and misleading documentation. In particular, you were informed by SHFN that:

- SHBB's Baby Boxes have failed or are defective;
- The Alarm System in the SHBB Baby Box is not reliable;
- The Weighted sensor is not reliable;
- The Baby Box costs upwards of $16,000.00;
- It is currently against FL Law to leave a baby in a Baby Box;
- The Boxes are not supported by Homeland Security;
- The Baby Boxes pose a threat to the safety of a surrendered Infant;
- The Baby Box is a fixture so it is required to comply with certain listing requirements;
- That SHBB Baby Box is similar or the same as an unrelated organization based out of Germany's baby hatch; and
- That SHBB is required to have a safety rating.

These among other statements by SHFN are false and misleading. Importantly, SHBB's Baby Boxes have never failed and based upon SHBB use policy as well as State Law, there are strict time requirements for responders to tend to the infant once one of the many alarms are tripped. Moreover, the Baby Box itself is leased and is not purchased. The fees raised for a SHBB Baby Box installation are principally for the cost of production and for the provider to pay a contractor to install the Baby Box. Moreover, the current FL State does not prohibit the maintenance, use, or installation of a Baby Box. That is why, many municipalities have passed resolutions expressly permitting for them. There are no listing or registration requirements for the Baby Box, because it is not serving as a medical device and is not in the stream of commerce as a consumer product.

You have zealously advocated against SHBB in communications to other Fire Station Personnel in your own district and others. Namely, to the following individuals McLellan, Alexis McLellan@SanCarlosFire.org; Contreras Contreras@ionafire.com; Susan Lindenmuth lindenmuth@esterofire.org; Lindsey Powell lpowell@southtrailfire.org; Katie Heck Katie.Heck@lehighfd.com; Hornberger Nicole nicoleh@bonitafire.org; 'Andrea Schuch (aschuch@capecoral.net)' aschuch@capecoral.net. (*See* Exhibit "A").

You are aware that SHBB's target customer are Fire Stations and Hospitals. By disseminating false and misleading information about SHBB as an organization and its work and product, you are knowingly attempting to divert business away from SHBB and/or interfere with valid contracts for stations that are currently under contract with SHBB. These are actionable torts under Florida Law for defamation, business disparagement, tortious interference with a business relationship and tortious interference with a contractual relationship. (*See e.g.*: *Font & Nelson, PLLC v. Path Medical, LLC*, 317 So.3d 134, (Fla. Dist. Ct. App. 2021) and *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201 (Fla. 2010)).

In order to cure your tortious conduct: immediately, cease and desist from disseminating and/or otherwise publishing to third parties any and all false and disparaging commentary/documentation. Additionally, you must immediately contact the foregoing individuals and any other person or entity you contacted disseminating the foregoing false and



PODLASKI ATTORNEYS | 803 S. Calhoun Street, Suite 110 Fort Wayne, IN 46802 | info@podlaskilegal.com | 260.782.1712 | www.podlaskilegal.com

misleading information and disparaging commentary of SHBB, and recant/retract your commentary and any documentation that has been disseminated. Finally, SHBB demands that you write an apology to SHBB as well as Kaylee Jones.

Within five (5) business days you must confirm that you have ceased the foregoing conduct, sent the retraction correspondence and provide the apology letters to me, else SHBB will begin steps to initiate a civil suit in Lee County Superior Court for, *inter alia*, preliminary injunction, permanent injunction, defamation, business disparagement, tortious interference with a business relationship and/or tortious interference with a contractual relationship. If SHBB must proceed to file suit, you individually as well as your organization will be named as a defendant.

I look forward to receiving your confirmation of compliance with this demand and the apology letters.

Regards,

**PODLASKI**
ATTORNEYS

Nicholas A. Podlaski, Esq.
Partner



Kevin P. Podlaski, Esq.
kevin@podlaskilegal.com

Alison V. Wright, Esq.
alison@podlaskilegal.com

Ryan E. Holden, Esq.
ryan@podlaskilegal.com

Nicholas A. Podlaski, Esq.
nick@podlaskilegal.com

Christopher R. Moon, Esq.
chris@podlaskilegal.com

M. Brooks Pearce, Esq.
brooks@podlaskilegal.com

August 28, 2023

*VIA: EMAIL AND FIRST CLASS MAIL:*

A Safe Haven for Newborns, Gloria M. Silverio Foundation
ATTN: Nicholas Silvrerio

RE:    Safe Haven Baby Boxes, Inc.--Cease and Desist

Mr. Silverio:

I am attorney Nick Podlaski of Podlaski LLP. My firm has retained counsel for Safe Haven Baby Boxes Inc. ("**SHBB**"). I am writing on my client's behalf to demand that you immediately cease and desist from disseminating false and disparaging documentation and communications to third parties regarding SHBB.

Additionally, I write to formally advise you that this correspondence shall serve as a litigation hold letter pertaining to any and all documents and communications (including electronically stored information and metadata) had by you and or anyone at A Safe Haven for Newborns Gloria M. Silverio Foundation ("**SHFN**"), and any other party regarding SHBB (including any of its officers, members, agents, employees, successors in interest, volunteers and/or assigns) and or placing a baby box at any location within your district.

As you know, SHBB is an Indiana Corporation with both State of Indiana and Federal 501(c)(3) designation status. It engages in the business of safe haven education and offers its patented product, a Safe Haven Baby Boxes, Inc. Baby Box to facilitate safe and anonymous safe haven statute infant surrenders across the United States. Your organization, SHFN has been in contact with a number of contractual and business relations of SHBB.

You are hereby advised that the information disseminated by You/SHFN contains inaccurate, false, and misleading documentation. In particular, you are disseminating the following false information:

- SHBB's Baby Boxes have failed or are defective;
- The Alarm System in the SHBB Baby Box is not reliable;



803 S. Calhoun Street, Suite 110
Fort Wayne, IN 46802   |   info@podlaskilegal.com   |   260.782.1712   |   www.podlaskilegal.com

EXHIBIT "C"

Page **2** of **3**

- The Weighted sensor is not reliable;
- The Baby Box costs upwards of $16,000.00;
- It is currently against FL Law to leave a baby in a Baby Box;
- The Boxes are not supported by Homeland Security;
- The Baby Boxes pose a threat to the safety of a surrendered Infant;
- The Baby Box is a fixture so it is required to comply with certain listing requirements;
- That SHBB Baby Box is similar or the same as an unrelated organization based out of Germany's baby hatch; and
- That SHBB is required to have a safety rating.

These among other statements by SHFN are false and misleading. Importantly, SHBB's Baby Boxes have never failed and based upon SHBB use policy as well as State Law, there are strict time requirements for responders to tend to the infant once one of the many alarms are tripped. Moreover, the Baby Box itself is leased and is not purchased. The fees raised for a SHBB Baby Box installation are principally for the cost of production and for the provider to pay a contractor to install the Baby Box. Moreover, the current FL State does not prohibit the maintenance, use, or installation of a Baby Box. That is why, many municipalities have passed resolutions expressly permitting for them. There are no listing or registration requirements for the Baby Box, because it is not serving as a medical device and is not in the stream of commerce as a consumer product.

You have zealously advocated against SHBB in communications to various Fire Station Personnel in at least the State of Florida. In particular, you have contacted Amy Bollen of South Trail Fire Protection & Rescue Service District to expressly interfere with SHBB's business.

You are aware that SHBB's target customer are Fire Stations and Hospitals. By disseminating false and misleading information about SHBB as an organization and its work and product, you are knowingly attempting to divert business away from SHBB and/or interfere with valid contracts for stations that are currently under contract with SHBB. These are actionable torts under Florida Law for defamation, business disparagement, tortious interference with a business relationship and tortious interference with a contractual relationship. (*See e.g.*: *Font & Nelson, PLLC v. Path Medical, LLC*, 317 So.3d 134, (Fla. Dist. Ct. App. 2021) and *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201 (Fla. 2010)).

In order to cure your tortious conduct: immediately, cease and desist from disseminating and/or otherwise publishing to third parties any and all false and disparaging commentary/documentation. Additionally, you must immediately contact the foregoing individuals and any other person or entity you contacted disseminating the foregoing false and misleading information and disparaging commentary of SHBB, and recant/retract your commentary and any documentation that has been disseminated. Finally, SHBB demands that you write an apology to SHBB.

Within five (5) business days you must confirm that you have ceased the foregoing conduct, sent the retraction correspondence and provide the apology letters to me, else SHBB will begin steps to initiate a civil suit in Lee County Superior Court for, *inter alia*, preliminary injunction, permanent injunction, defamation, business disparagement, tortious interference with a business



803 S. Calhoun Street, Suite 110 | info@podlaskilegal.com | 260.782.1712 | www.podlaskilegal.com
Fort Wayne, IN 46802

relationship and/or tortious interference with a contractual relationship. If SHBB must proceed to file suit, you individually as well as your organization will be named as a defendant.

I look forward to receiving your confirmation of compliance with this demand and the apology letters.

Regards,

**PODLASKI**
ATTORNEYS

Nicholas A. Podlaski, Esq.
Partner