# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

SAFE HAVEN BABY BOXES,

Plaintiff,

v.                                              Case No.: 2:24-cv-00051-JLB-KCD

A SAFE HAVEN FOR NEWBORNS
GLORIA M. SILVERIO FOUNDATION,
NICK E. SILVERIO,
SOUTH TRAIL FIRE AND RESCUE
DISTRICT AND AMY BOLEN,

Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, (hereinafter collectively referred to as "Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1], and in support thereof, Defendants state the following:

## **PARTIES AND JURSIDICTION**

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for venue purposes only.

7. Admitted for jurisdictional purposes only.

8. Admitted for jurisdictional purposes only.

## **FACTS**

1. Denied.

2. Denied.

3. Denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge as to Defendants Bollen and the District being demanded to cease and desist, therefore denied. Admitted that SFHN was advised to cease and desist, otherwise denied.

10. Without knowledge, therefore denied.

11. Denied.

12. Without knowledge, therefore denied.

13. Admitted that SFHN received a letter from Plaintiff and did not respond, otherwise denied.

14. Denied.

15. Without knowledge, therefore denied.

## COUNT I
## DEFAMATION (LIBEL)
## (as to all Defendants)

16. Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO repeat and reallege their answers to the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. Admitted that the cited case speaks for itself, otherwise denied.

18. Admitted that the cited case speaks for itself, otherwise denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied

In response to the WHEREFORE paragraph following Paragraph 24, Defendants deny the Plaintiff is entitled to the relief requested, including no right to attorneys' fees and costs.

## COUNT II
## DEFAMATION (SLANDER)
## (as to Defendant SHFN and Silverio)

25. Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO repeat and reallege their answers to the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

26. Admitted that the cited case speaks for itself, otherwise denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

In response to the WHEREFORE paragraph following Paragraph 32, Defendants deny the Plaintiff is entitled to the relief requested, including no right to attorneys' fees and costs.

## COUNT III
## LIBEL PER SE
## (as to Defendant Amy Bollen)

33. Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO repeat and reallege their answers to the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

34. The allegations contained in this paragraph are not pled against Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, and therefore, no response is warranted; however, to the extent that the allegations in this paragraph can be construed to pertain to these Defendants in any way, they are hereby denied.

35. The allegations contained in this paragraph are not pled against Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, and therefore, no response is warranted; however, to the extent that the allegations in this paragraph can be construed to pertain to these Defendants in any way, they are hereby denied.

36. The allegations contained in this paragraph are not pled against Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, and therefore, no response is warranted; however, to the extent that the allegations in this paragraph can be construed to pertain to these Defendants in any way, they are hereby denied.

37.     The allegations contained in this paragraph are not pled against Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, and therefore, no response is warranted; however, to the extent that the allegations in this paragraph can be construed to pertain to these Defendants in any way, they are hereby denied.

38.     The allegations contained in this paragraph are not pled against Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, and therefore, no response is warranted; however, to the extent that the allegations in this paragraph can be construed to pertain to these Defendants in any way, they are hereby denied.

In response to the WHEREFORE paragraph following Paragraph 38, Defendants deny the Plaintiff is entitled to the relief requested, including no right to attorneys' fees and costs.

**COUNT IV
TORTIOUS INTERFERENCE WITH A CONTRACT OR BUSINESS RELATIONSHIP
(As to Defendants SHFN, Silverio and Bollen)**

39.     Defendants A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO repeat and reallege their answers to the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

40.     Admitted that the cited case speaks for itself, otherwise denied.

41. Without knowledge, therefore denied.

42. Denied.

43. Denied.

44. Denied.

In response to the WHEREFORE paragraph following Paragraph 44, Defendants deny the Plaintiff is entitled to the relief requested, including no right to attorneys' fees and costs.

**Intentionally Left Blank.**

## DEFENDANTS' AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants, A SAFE HAVEN FOR NEWBORNS GLORIA M. SILVERIO FOUNDATION and NICK E. SILVERIO, (hereinafter collectively referred to as "Defendants"), assert the following Affirmative Defenses to Plaintiff's Complaint [DE 1], without assuming any burden of proof Defendants would not otherwise have.

### First Affirmative Defense

The first element of a defamation claim, "publication," means a defamatory statement does not become actionable "until it is published or communicated to a third person" other than the plaintiff. *American Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833, 26 I.E.R. Cas. (BNA) 631 (Fla. 3d DCA 2007). Furthermore, publication requires proof that the statement is exposed to the public to be able to be read or heard, but not necessarily that anyone has yet read or heard it. *Axiom Worldwide, Inc. v. Becerra*, 2009 WL 1347398 (M.D. Fla. 2009).

Here, Defendant Silverio, individually, did not state anything regarding Plaintiff, nor has Plaintiff alleged that Defendant Silverio has stated anything regarding Plaintiff. Therefore, Plaintiff's claim for defamation against Defendant Silverio fails because Defendant Silverio did not publish anything regarding Plaintiff, nor did Defendant Silverio communicate anything false regarding Plaintiff to a third person. As such, Plaintiff's claim for defamation against

Defendant Silverio fails because Plaintiff has failed to plead the first element of a viable defamation claim.

Moreover, Defendant SHFN did not publish each statement alleged to be made by Defendant SHFN.

### Second Affirmative Defense

The second element of a defamation claim, "falsity", may arise from untruthfulness, such as in the case of libel or slander, or may arise from truthful statements that imply falsely, such as in the case of defamation by implication. *Jews For Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 36 Media L. Rep. (BNA) 2540 (Fla. 2008). Falsity requires first and foremost that the defamation be about the plaintiff. *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 26 Media L. Rep. (BNA) 1335 (Fla. 1st DCA 1997). However, if a statement is true, the required element of a false statement in a defamation case is not present. *Cape Publications, Inc. v. Reakes*, 840 So. 2d 277 (Fla. 5th DCA 2003). Falsity only exists if the publication is substantially and materially false, not just if it is technically false. *Kieffer v. Atheists of Florida, Inc.*, 269 So. 3d 656 (Fla. 2d DCA 2019).

Here, Plaintiff's claim for defamation against Defendant SHFN fails because all statements made by Defendant SHFN were true. Moreover, Plaintiff alleged and listed purported statements made by Defendant SHFN; however, Defendant SHFN did not state some of the purported statements. Ultimately, anything stated by Defendant SHFN was factually true and not false.

## Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel. For example, Plaintiff knew of Defendant SHFN's opposition towards legislation regarding the installation of baby box devices in Florida since 2019 and did not pursue any claim. Defendant SHFN has publicly opposed legislation for baby box devices since at least 2019, and has always provided truthful reasons, backed by sources, as to why the installation of these devices should not be implemented into Florida legislation.

Plaintiff, however, then waited until 2024 to file a lawsuit against Defendants for more truthful statements that were made in a report given to the Florida Association of PIOs at their annual meeting in 2022, in Daytona Beach. The comments were with regard to the proposed amendment to the Surrendered Infant bill which would allow for the installation of baby boxes. Additionally, Defendants were injured as a result of Plaintiff's conduct.

## Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches. Plaintiff delayed in asserting a claim and asserting its alleged rights, the delay was not excusable, and the delay caused undue prejudice to Defendants. For example, Plaintiff knew of Defendant SHFN's opposition towards legislation regarding the installation of baby box devices in Florida since 2019. Defendant SHFN has publicly opposed legislation for baby box devices since at least 2019, and has always provided

truthful reasons, backed by sources, as to why the installation of these devices should not be implemented into Florida legislation.

Plaintiff, however, waited until 2024 to file a lawsuit against Defendants for more truthful statements that were made in a report given to the Florida Association of PIOs at their annual meeting in 2022, in Daytona Beach. This delay was not excusable, and thus, this unreasonable delay has caused undue prejudice to Defendants.

## **Fifth Affirmative Defense**

Plaintiff's claims are barred either in whole or in part because the acts done were legal and violates no rights of Plaintiff. For example, Florida Statute § 383.50, does not mention "baby box" anywhere in the statute. Therefore, Florida legislation does not provide for the installation of baby boxes, and thus, Plaintiff's alleged damages (if any) stem from Florida law that does not provide for the installation of baby boxes.

## **Sixth Affirmative Defense**

Defendants had no intent to defame Plaintiff or interfere with any business relationship involving Plaintiff. SHFN has merely opposed legislation involving the installation of baby boxes and has only provided factual support regarding its opposition to such legislation. As such, Defendants had no intention of defaming Plaintiff or interfering with a business relationship involving Plaintiff (if any).

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on the doctrine of waiver. Plaintiff has waived its rights to any sought relief because Plaintiff has been aware of SHFN's statements regarding baby boxes in relation to Florida legislation but failed to seek any legal recourse or otherwise object to SHFN's actions.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, based on the doctrine of unclean hands. Defendants have clearly followed the demands of Plaintiff's Cease and Desist letter; however, Plaintiff has not abided by their own demands. Plaintiff continues to defame and slander SHFN on Plaintiff's digital platforms. Therefore, Plaintiff's claims are barred because Plaintiff continues to engage in unclean behavior in relation to the subject of Plaintiff's Complaint.

## Ninth Affirmative Defense

Plaintiff was not damaged in any way by the allegedly defamatory statements. Plaintiff has not established the existence of any damages as a result of SHFN's alleged statements, whether it be a damaged business relationship or loss of sales of baby boxes. Moreover, Florida Statute § 383.50 does not mention "baby box" anywhere in the statute. Therefore, Florida legislation does not provide for the installation of baby boxes, and thus, Plaintiff's alleged damages (if any) stem from Florida law that does not provide for the installation of baby boxes.

### Tenth Affirmative Defense

The statements made are protected by the First Amendment of the Constitution as opinion statements and are otherwise not defamatory in nature.

### Eleventh Affirmative Defense

The alleged defamatory statements made cannot be proven true or false. Thus, they cannot be defamatory in nature.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the absolute defense that all of SHFN's statements regarding the Device are true and, by definition, not defamatory.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any alleged words that could be found technically untrue are so insignificant that a typical audience would not be materially impacted by the difference.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the statements at issue constitute "fair comment" upon events related to baby boxes that were covered by the media and designated administrative hearings. Therefore, these statements are not actionable as defamatory.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because Plaintiff has not sufficiently pled the existence of a business relationship that affords the Plaintiff existing or prospective legal rights. An action for tortious interference with a business relationship requires a specific business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because Plaintiff was not damaged in any way by the alleged tortious interference.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because Defendants did not have any knowledge of any alleged business relationship between Plaintiff and another party.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because Defendants did not intentionally interfere with Plaintiff's alleged contractual relationships with South Trail Fire and Rescue District.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because Plaintiff cannot prove any interference with a contract and/or business relationship (if any)

was done by influencing, inducing or coercing one of the parties to breach the contract and/or business relationship. The defendant may not be held liable where it is found that the breach by the party to the contract or relationship rather than the persuasion by the defendant was the proximate cause of the plaintiff's damage.

## Twentieth Affirmative Defense

Plaintiff's claims are barred either in whole or in part because any alleged interference was not intentional but negligent.

## Twenty-First Affirmative Defense

Plaintiff's claims fail to pierce the corporate veil such that Defendant Silverio is personally and individually liable.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendants, A Safe Haven For Newborns Gloria M. Silverio Foundation and Nick E. Silverio, request that the Court grant leave to amend this Answer upon proper motion, notice and hearing to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by Defendants.

**Intentionally Left Blank.**

## **DEMAND FOR JURY TRIAL**

WHEREFORE, the Defendants, A Safe Haven For Newborns Gloria M. Silverio Foundation and Nick E. Silverio, demand Judgment against Plaintiff for costs and all other damages which this Court deems just and equitable and further demands a trial by jury of all issues so triable as of right by jury, and any other relief that the Court deems just and proper.

## **DEMAND FOR ATTORNEYS' FEES**

Defendant, A Safe Haven For Newborns Gloria M. Silverio Foundation and Nick E. Silverio request an award of attorneys' fees and costs as permitted by law.

Dated: February 14, 2024.

Respectfully submitted,

**COLE, SCOTT, KISSANE, P.A.**
*Counsel for Defendants*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Telephone (786) 268-6752
Primary e-mail: justin.maya@csklegal.com
Secondary e-mail: horacio.ruiz-lugo@csklegal.com
Alternate e-mail: ieshia.owens@csklegal.com

By: /s/ **Justin S. Maya**
JUSTIN S. MAYA
Florida Bar No.: 126087
HORACIO J. RUIZ-LUGO
Florida Bar No.: 1048967

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record:

**COLE, SCOTT, KISSANE, P.A.**
*Counsel for Defendants*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Telephone (786) 268-6752
Primary e-mail: jonathan.vine@csklegal.com
Primary e-mail: justin.maya@csklegal.com
Secondary e-mail: horacio.ruiz-lugo@csklegal.com
Alternate e-mail: ieshia.owens@csklegal.com

By: /s/ **Justin S. Maya**
JUSTIN S. MAYA
Florida Bar No.: 126087
HORACIO J. RUIZ-LUGO
Florida Bar No.: 1048967

**SERVICE LIST**
Nicholas A. Podlaski, Esq
nick@podlaskilegal.com
Kevin P. Podlaski, Esq
kevin@podlaskilegal.com
M. Brooks Pearce, Esq.
brooks@podlaskilegal.com
Podlaski Attorneys
803 S. Calhoun Street, Suite 110
Fort Wayne, Indiana 46802
Served via transmission of Notice
of Electronic Filing generated by
CM/ECF
***Counsel for Safe Haven Baby Boxes***