UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFE HAVEN BABY BOXES,

    Plaintiff,                                            CASE NO.: 2:24-cv-00051-JLB-KCD

vs.

A SAFE HAVEN FOR NEWBORNS
GLORIA M. SIVERIO FOUNDATION;
NICK E. SILVERIO;
SOUTH TRAIL FIRE & RESCUE DISTRICT; and
AMY BOLLEN,

    Defendants.
_____/

**DEFENDANT, SOUTH TRAIL FIRE RESCUE DISTRICT AND
DEFENDANT, AMY BOLLEN AMENDED MOTION TO DISMISS[1]**

Defendant, SOUTH TRAIL FIRE & RESCUE DISTRICT ("Defendant District") and Defendant, AMY BOLLEN ("Defendant Bollen") (collectively, "Defendants") hereby move to dismiss the complaint filed by Plaintiff, SAFE HAVEN BABY BOXES ("Plaintiff"). This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This is an action wherein Plaintiff asserts several theories for defamation against Defendant District and Defendant Amy Bollen based on an email. Plaintiff, also alleges that Defendant District and Defendant Bollen interfered with its business relationships with the general community involving "other fire

---

[1] Supplemented to add 3.01(g) Certification only.

1

stations in Florida" by making a false statement about Plaintiff and its baby boxes ("Devices").

The Complaint advances the following four counts under Florida law: (I) Count I - Defamation as libel directed to all defendants: Defendant District, Defendant Bollen, Defendant A Safe Haven For Newborns Gloria M. Siverio Foundation and Defendant Nick E. Silverio (ii) Count II – Defamation as slander, (iii) Count III – Defamation as libel per se directed to Defendant Bollen; and (iv) Count IV - tortious interference with a contract or business relationship directed to Defendant District, Defendant Bollen, Defendant A Safe Haven For Newborns Gloria M. Siverio Foundation, and Defendant Nick E. Silverio.

The Defendant District and Defendant Bollen move to dismiss the Complaint because Plaintiff did not establish the elements to state a claim for Counts I, III, and IV.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. Id. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Mere naked assertions are also insufficient. Id.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is

plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citation omitted). The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Id. at 678. Overall, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

## MEMORANDUM OF LAW

### A.   Count I Defamation – (Libel as to all defendants)

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) *(*quoting Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)).[2]

"Libel is defamation expressed in print." Armiger v. South Trail Fire

---

[2] "Because the alleged defamation was published in Florida, Florida state law is controlling." Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx. 863, 865 (11th Cir. 2015).  When "analyzing defamation claims, we apply Florida's substantive law." Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018) (citation omitted). "Where the highest court—in this case, the Florida Supreme Court—has spoken on the topic, we follow its rule." Id. (citing Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011)). Decisions of the Florida appellate courts "provide guidance for this prediction." Id. (citing Bravo v. U.S., 577 F.3d 1324, 1325 (11th Cir. 2009)) (per curiam) (citation omitted).  "As a general matter, we must follow the decisions of these intermediate courts." Id. at 1325–1326. "But we may disregard these decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id.

3

Protec. & Rescue Serv. Dist., No. 2:13-CV-825-FTM-38CM, 2014 WL 4402073, at *9 (M.D. Fla. Sept. 4, 2014) (citing Cooper v. Miami Herald Pub. Co., 159 Fla. 296, 31 So. 2d 382, 384 (Fla. 1974)).  Because libel is a subcategory of defamation, the elements to state a cause of action for libel are the same.  Turner, South Trail Fire Protec., Jews for Jesus, supra.  Libel is "generally defined as 'the unprivileged publication of false statements which naturally and **proximately result in injury** to another.'" Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx. 863, 865 (11th Cir. 2015)(quoting Wolfson v. Kirk, 273 So.2d 774, 776 (Fla. 4th DCA 1973)).  The Complaint fails on prongs one, two, three, and five.

1. ***The statements were not published.***

Publication is an element of defamation. To state a claim for defamation, a plaintiff must plead that "the defendant published a false statement about plaintiff to a third party." Sirpal v. Univ. of Miami, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010); Alan, 604 Fed. Appx. at 865 (same). Put simply, "[p]ublication of defamatory matter is communication of the statement to a third person." Corsi v. Newsmax Media, Inc., 519 F. Supp. 3d 1110, 1119–1120 (S.D. Fla. 2021) (quoting Granda-Centeno v. Lara, 489 So. 2d 142, 143 (Fla. 3d DCA 1986)); Zimmerman v. Buttigieg, 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021) ("Publication requires that the statement be communicated to a third person.").

"As the Florida Supreme Court explained, 'because the publication of a statement is a necessary element in a defamation action, only one who publishes can be subject to this form of tort liability.'" Markle v. Markle, No. 8:22-CV-511-

4

CEH-TGW, 2024 WL 1075339, at *18 (M.D. Fla. Mar. 12, 2024) (quoting Doe v. Am. Online, Inc., 783 So. 2d 1010, 1017 (Fla. 2001)); Buttigieg, 521 F. Supp. 3d at 1212.

Here, Plaintiff failed to plead facts to show which defendant allegedly made a publication. Rather, the Complaint lumps all of the defendants together stating: "All Defendants have put into the public sphere the aforementioned false and misleading statements and disseminated them among other Florida fire stations via email and other written communications." (DE 1, ¶ 19.)

Lumping defendants together is problematic.[3] In the first place, neither the allegations of the Complaint, nor its exhibits, include facts to show which defendant "put into the public sphere," the statement. By pleading "all Defendants," the Complaint suggests that the action of one Defendant somehow makes "all Defendants" subject to the same cause of action. This is insufficient. That is, one particular defendant is not liable for the statement of another defendant. See Markle, Buttigieg, supra.

Additionally, the law requires Plaintiff to show that the alleged false statements were given to a third-party about the Plaintiff. Buttigieg, 521 F. Supp. 3d at 1212. The Complaint does not include facts about the third-party; it generally pled emails were sent to "other Florida fire stations." Absent these

---

[3] "Where a plaintiff brings claims against multiple defendants, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming." J.V. v. Duval Cty. Sch. Bd., No. 3:16-cv-1009-J-34MCR, 2017 WL 4226590, at *1 (M.D. Fla. Sept. 22, 2017).

5

facts, none of the Defendants are on notice as to how to defend.  See Erickson, 551 U.S. at 93.  Thus, the Complaint fails on this element.

### 2. *No false or defamatory statements  - under the Substantial Truth Doctrine there is no falsity.*

Florida recognizes the substantial truth doctrine in defamation cases. "Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." Parekh v. CBS Corp., 820 Fed. Appx. 827, 833 (11th Cir. 2020)(affirming dismissal of the complaint for defamation) (citing Smith v. Cuban Am. Nat. Found., 731 So. 2d 702, 706 (Fla. 3d DCA 1999)); accord Turner, 879 F.3d at 1262; Markle, 2024 WL 1075339, at *10; Brueggemeyer v. Assoc. Press, 609 F.2d 825, 826 (5th Cir. 1980)("Likewise, a statement that is substantially true is not defamatory."); accord Jews for Jesus, 997 So. 2d at 1107–1108 (Florida Supreme Court explaining as a long as the statement is "substantially true," it cannot support a claim for defamation).

To establish the element of falsity, a "plaintiff must specify what false statement or statements caused injuries."  Hill Nissan, Inc. v. Jenkins Nissan, Inc., No. 8:11-cv-2757-MSS-EAJ, 2012 WL 13106337, at *2 (M.D. Fla. Aug. 7, 2012) (alterations omitted).  "The element of falsity is only met if the publication is substantially and materially false." Markle 2024 WL 1075339, at *10 (citing Smith, 731 So. 2d at 707) ("According to the U.S. Supreme Court and Florida case law, falsity only exists if the publication is substantially and materially false, not just if it is technically false.")).  A "statement is not considered false unless it

6

would have a different effect on the mind of the reader from that which the pleaded truth would have produced." Parekh, 820 Fed. Appx. at 833 (citing Smith, 731 So. 2d at 707).

Here, Plaintiff cut and pastes conclusions of Florida law into the Complaint. (DE 1 ¶18.) However, Plaintiff asserted no facts demonstrating that "all Defendants" made statements that are "substantially and materially false," as she must to state a claim. See Markel, 2024 WL 1075339, at *10; Smith, 731 So. 2d at 707. Instead, Plaintiff alleges: "Defendant Bollen engaged in libel by stating in an email additional false statements including, inter alia, Safe Haven Baby Boxes are NOT endrsed by Safe Haven for Newborns . . . " (DE 1 ¶20.) This is not a false statement. Defendant Bollen learned that Safe Haven for Newborns does not endorse the Plaintiff "at the state PIO meeting." (DE 1 Ex. A.) Because the statement is not false, this element fails.

"True statements, statements that are not readily capable of being proven false, and statements of pure opinion, however, are protected from defamation actions by the First Amendment." Turner, 879 F.3d at 1262; Keller v. Miami Herald Publ'g Co., 778 F.2d 711, 714–715, 717 (11th Cir. 1985) (applying Florida law); Markle, supra. Here it is true, or substantially true, that there is no endorsement from Defendant Safe Haven for Newborns to the Plaintiff. Regardless, Defendant Bollen never made the statement about the Plaintiff, it was made at a PIO meeting and the email was a synopsis of that meeting; thus the statement is true, or substantially true. Thus, Defendant Bollen's statement is

7

protected by the First Amendment regardless as to whether she is "a public figure or private individual." Smith, 731 So. 2d at 707

### 3. *No sufficient facts to establish the statement is defamatory.*

"Under Florida law, a statement is not defamatory unless the 'gist' or 'sting' of the statement is defamatory. Levan v. Capital Cities/ABC, Inc., 190 F.3d 1230, 1240 (11th Cir. 1999) (citing Smith, 731 So. 2d at 706 (Fla. 3d DCA 1999). "The gist of any statement within a publication . . . is found only by reference to the entire context." Id. (applying Florida law).

"To determine if a statement is defamatory, it must be considered in the context of the publication." Parekh, 820 Fed. Appx. at 833 (quoting Smith v. Cuban Am. Nat'l Found., 731 So. 2d 702, 705 (Fla. 3d DCA 1999)). "The court must consider **all the words used**, not merely a particular phrase or sentence." Parekh, 820 Fed. Appx. at 833 (quotation omitted); see also Turner, 879 F.3d at 1262–63; Byrd v. Hustler Magazine, Inc., 433 So. 2d 593, 595 (Fla. 4th DCA 1983). "A statement of opinion with no provably false **connotations** cannot support a defamation claim." Hamze v. Cummings, 652 F. App'x 876, 881 (11th Cir. 2016) (per curiam)(emphasis added). On a motion to dismiss, the Court may consider all the words, context, and connotation in the pleading.

Here, the Complaint only identifies one statement by Defendant Bollen who mentioned that a portion of the Plaintiff's name and Defendant's name are the same. (DE 1, ¶20) ("Safe Haven Baby Boxes are NOT endorsed by Safe Haven for Newborns . . . The company who "created" these boxes "stole parts of their

8

name . . ."). Plaintiff claims contractors "refused to respond or speak to Plaintiff." (DE 1, ¶22.)[4] Accepting these allegations as true, it is clear that a portion of Plaintiff's name "Save Haven Baby Boxes" and Defendant's name "Safe Haven for Newborns, Gloria M. Silverio Foundation, both include the phrase "Safe Haven." The names are, in fact, similar. Thus, use of the word "stole" is a substantially true statement; and, it is an opinion or idiom in modern vernacular which is supported by fact given the connotation and context of the statement. See Hamze, Brueggemeyer, supra. Furthermore, no reasonable mind would conclude that the word stole is used literally.

Even if Plaintiff, or its unidentified "contractor" are somehow offended by all statements in the emails, mere offense, or a "sting" through use of the word "stole" is not actionable. See Levan, Parekh, supra. This word is not defamatory. In the context of this sentence, it is not actionable. Accordingly, these prongs fail.

### 4. *The Defendants are indistinguishably lumped together without factual allegations regarding Public Official or Private Person.*

To survive a motion to dismiss, a complaint must establish which "defendant is a public figure" and "plausibly allege that the defendant made **each** defamatory statement" with "actual malice." Markle, 2024 WL 1075339, at *5. To plead actual malice, a plaintiff must allege facts sufficient to give rise to a

---

[4] There must be concrete facts demonstrating which of the Defendants' emails were thea proximate cause of the harm to Plaintiff's reputation resulting in the "contractor" failing to respond. See Alan, 604 Fed. Appx. at 865 (to allege libel the complaint must demonstrate that an "unprivileged publication of false statements naturally and proximately result[ed] in injury to another.") (citing Wolfson v. Kirk, 273 So. 2d 774, 776 (Fla. 4th DCA 1973)). Otherwise, pure opinions about the Plaintiff, or Plaintiff's conduct are protected by the First Amendment. Turner, 879 F.3d at 1262.

9

reasonable inference that the false statement was made with **knowledge** that it was false or with reckless disregard of whether it was false or not." Turner, 879 F.3d at 1273; accord N.Y. Times v. Sullivan, 376 U.S. 254, 280 (1964); Markle, 2024 WL 1075339, at *5 (same).  By contrast, a plaintiff must plead which defendant was negligent when publishing a statement about a private person. See Turner, 879 F.3d at 1273.

Allegations of actual malice, or negligence, "is a subjective test, focusing on whether the defendant actually entertained **serious doubts** as to the veracity of the published account, or was **highly aware** that the account was probably false." Turner, 879 F.3d at 1273 (quotation omitted) (emphasis added).  In this case, Plaintiff makes bald allegations without any facts to show that all Defendants "deliberately avoided learning truthful information" when drafting, replying, or forwarding emails.  See id.  Moreover, the Complaint does not set forth any facts illustrating that all Defendants were "highly aware" that statements about the Device, or Plaintiff, are false.  Absent such relevant fact, the Complaint does not sufficiently raise a claim for actual malice.  See id.; see also Levan, 190 F.3d at 1240 ("If the gist is substantially true, then minor inaccuracies are insufficient to prove actual malice.").

While the Complaint identified one statement by Defendant Bollen: "Safe Haven Baby Boxes are not endorsed by Safe Haven for Newborns . . . The company who created these boxes stole parts of their name . . ." (DE 1, ¶20), this statement, alone, is insufficient as there are no factual allegations that Defendant

Bollen had knowledge that the statement was false, or in the least that she had serious doubts. The cease and desist letter is the perspective of the Plaintiff, it is not what Defendant Bollen relied on when making the aforementioned statement–rather she relied on information provided to her at the "state PIO Meeting." (DE 1, Ex. A.) Clearly, the allegations of the Complaint only establish that Defendant Bollen was merely sharing information provided to her, and she did not know it was allegedly false. Further, Plaintiff failed to plead that Defendant Bollen is a private person or public official. Regardless, the allegations do not establish that Bollen was highly aware of a purported false statement.[5] Thus, the libel claim fails.

### B. Count III - Libel Per Se (Defendant Amy Bollen)

The Eleventh Circuit Court of Appeals held that a "written publication constitutes libel per se under Florida law if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession." Alan, 604 Fed. Appx. at 865 (affirming dismissal) (citing Richard v. Gray, 62 So. 2d 597, 598 (Fla. 1953)); Techtronic Indus. Co. Ltd. v. Bonilla, No. 8:23-CV-1734-CEH-AEP, 2023 WL 8543762, at *4 (M.D. Fla. Dec. 11, 2023); Markle, 2024 WL 1075339, at *5 (quoting Jews for Jesus, 997 So. 2d at 1108–1109)).

When determining whether a published statement constitutes libel per se,

---

[5] See Argument A(2), supra. (regarding opinion and context).

11

an arbiter of fact "is constrained to the four corners of the publication and may not consider outside context in a libel per se claim." Rubinson v. Rubinson, 474 F. Supp. 3d 1270, 1275 (S.D. Fla. 2020) "In addition, the language of the document should not be interpreted in the extreme, but construed as the naturally common mind would understand it." Id. (quotation and citation omitted). In Rubinson, the court held that it was "hard to conceive how when considering the emails alone, Defendant's mention of virtually the same conduct suddenly casts Plaintiff in a negative light, let alone, subjects him to hatred, distrust, ridicule, contempt, or disgrace." See id. "In a per se action, the injurious nature of the statement is apparent from the words in the statement itself and the court consequently takes notice of that fact." Aflalo v. Weiner, No. 17-61923-CIV, 2018 WL 3235529, at *2 (S.D. Fla. July 2, 2018).

The Complaint incorporates the prior assertion that Defendant Bollen made the following statement, which injured Plaintiff's trade, or profession: "Safe Haven Baby Boxes are not endorsed by Safe Haven for Newborns . . . The company who "created" these boxes stole parts of their name to make it seem like they were in it together.") (DE 1, ¶35.) Plaintiff contends that the "idea of 'stealing' another's charity's name further damages Plaintiff's reliability among emergency service providers and infringes on Plaintiff's goal of providing a safe and secure place to relinquish newborns." (DE 1, ¶38.)

The Complaint fails to include facts demonstrating that Defendant Bollen's colloquial use of the word "stole" subjected Plaintiff to hatred, distrust, ridicule,

contempt, or disgrace. Moreover, in looking at the four corners of the email, no common mind would reasonably conclude that use of that one particular word, in one email, would somehow, influence other "emergency service providers" to ever accept a Device. Additionally, the Complaint does not allege facts to show that any emergency service provider refused the Device as a result of Defendant Bollen's statement. See Rubinson, 474 F. Supp. 3d at 1276. Simply put, one email containing use of the word "stole" is insufficient to plausibly plead that Plaintiff's reputation was harmed. See id.

Here, the Complaint shows that Defendant Bollen attended a "state PIO Meeting." [DE 1, p.12.] There, she learned that Safe Haven for Newborns does not endorse Safe Haven Baby Boxes, which as mentioned previously is a true statement. [DE 1, p.12.] Thus, the opinion is predicated on facts. One statement, in one email, is not injurious in and of itself and, hence, no libel per se. See id. at 1278 (dismissing with prejudice where emails fail to state a claim for libel per se).

**C.    Count IV  - Tortious Interference with a Contract or Business Relationship (District and Bollen)**

"The elements of tortious interference with a business relationship are (1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Vibo Corp. v. Us Flue-Cured Tobacco Growers, 762 F. App'x 703, 706 (11th Cir. 2019) (quoting Dunn v. Airline Pilots Ass'n, 193 F.3d

1185, 1191 (11th Cir. 1999)); Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994)(stating elements of tortious interference). To support this claim, Plaintiff was required to allege that the District and Bollen had knowledge of, and intentionally and unjustifiably interfered with, Plaintiff's relationship (either contractual or business) with the other fire stations in Florida.

Here, Plaintiff has not plausibly alleged facts to establish any element. Instead, the Complaint states: "The Defendants' conduct has not only interfered with their business relationship with the District but with several other fire stations in Florida as well." (DE 1, ¶44.)  This allegation fails to state a claim.

### 1. *The Complaint does not allege a business relationship exists.*

"In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large. Ethan Allen, 647 So. 2d at 815 (internal citation omitted)(Eleventh Circuit certified question to Supreme Court of Florida).  As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been **completed** if the defendant had not interfered." Ethan Allen, 647 So. 2d at 815 (internal citation omitted).  A business relationship, "does not require the existence of a contractual agreement." Dunn, 193 F.3d at 1191. "It does, however, require a relationship with a particular party, and not just a relationship with the general business community." Id. (citing

14

Allen, 647 So. 2d at 815) (emphasis added).

Here, the Complaint is bereft of facts establishing the existence of a current business relationship between the Plaintiff and a particular fire station. See Vibo, supra. Plaintiff merely alleged a relationship with the fire station community at large, which is insufficient to state claim.  See Intl. Sales & Serv., Inc. v. Austral Insulated Prod., Inc., 262 F.3d 1152, 1156 (11th Cir. 2001) (examining a tortious interference claim and distinguishing between relationships with the community at large and ongoing relationships with existing customers); see also Dunn, 193 F.3d at 1191; Vibo, 762 F. App'x at 706. Hence, this prong fails.

### 2. *The Complaint does not allege Defendants had knowledge of Plaintiff's business relationships, so there are no damages.*

 Concerning the second and fourth elements, the Complaint does not allege specific facts that Defendant District and Defendant Bollen had knowledge of the nature of Plaintiff's relationship the "other fire stations in Florida." The Complaint does not mention Defendant District or Defendant Bollen knew about Plaintiff's specific rights that flow from relationships with allegedly "other fire stations in Florida."  At best, the Complaint establishes that Plaintiff simply hoped that "other fire stations in Florida" would accept the Device. This is pure speculation, which fails to state a cause of action.

Moreover, "the mere hope that some of its past customers may choose to [accept the Device] cannot be the basis for a tortious interference claim." See Vibo, 762 Fed. Appx. at 706.  The facts simply do not establish that, in all

probability, the "other fire stations" would have accepted the Device if Defendant District or Bollen had not interfered. See Ethan Allen, 647 So. 2d at 815. Where there are no facts establishing that Defendant District or Defendant Bollen knew about Plaintiff's relationship with other fire stations in Florida there can be no damages under prong four. Id. (finding a plaintiff "may not recover, in a tortious interference with a business relationship tort action, damages where the relationship is based on speculation regarding future sales to past customers.").

### 3. *No allegations of intentional and unjustified interference*

"As to the element of intentional and unjustifiable interference, if 'a defendant interferes with a [ ] business relationship in order to safeguard a preexisting economic interest of his own, the defendant's right to protect his own established economic interest outweighs the plaintiff's right to be free of interference, and his actions are usually recognized as privileged and nonactionable.'" CMR Constr. and Roofing, LLC v. UCMS, LLC, No. 21-11183, 2022 WL 3012298, at *5 (11th Cir. July 29, 2022) (quoting Duty Free Ams., Inc. v. Estee Lauder Cos., 797 F.3d 1248, 1280 (11th Cir. 2015))(confirming dismissal of case). "In other words, the privilege to interfere does not encompass the purposeful causing breach of business relationship." CMR Constr. and Roofing, 2022 WL 3012298, at *5. (citation omitted) (alteration omitted).

"What the parties may not do, however, is engage in intentional and unjustified interference by engaging in fraud or collusion." Id. (citing Morsani v. Major League Baseball, 663 So. 2d 653, 657 (Fla. 2d DCA 1995) (finding that the

16

appellants stated a cause of action for tortious interference because "appellants have alleged the use of threats, intimidation and conspiratorial conduct"). The Complaint failed to plead facts to establish lack of justification.

Not only does Plaintiff fail to assert that Defendant District or Defendant Bollen knew, and was aware of, a business relationship with other fire stations, Plaintiff included no facts that Defendant District or Defendant Bollen "purposefully and intentionally" interfered with, a contractual or business relationship with the other fire stations in Florida to support its claims. Or, that the interference is unjustified. See Vibo, CMR Constr. and Roofing, supra. Plaintiff failed to allege facts to support those conclusory assertions. The Complaint summarily states that Defendants "interfered." (Comp. ¶44.) Because Plaintiff failed to support its tortious interference claims with facts, a district court does not err in dismissing Plaintiff's tortious interference claims. CMR Constr. and Roofing, 2022 WL 3012298, at *5. Accordingly, the Court should dismiss this count with prejudice.

## CONCLUSION

*Wherefore*, the Court should grant this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

On April 10, 2024, the undersigned conferred with counsel for plaintiff via phone and email. The and counsel for Defendants, A Safe Haven for Newborns Gloria M. Siverio Foundation and Nick E. Silverio ("Defendants") via phone and email. The Plaintiff objects to the relief requested herein. Defendants do not object to the relief herein.

17

Dated: April 10, 2024.

    Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Latasha Scott*
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
Primary email: mlavisky@butler.legal
LATASHA L. SCOTT, ESQ.
Florida Bar No: 52316
lscott@butler.legal
dbrown@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
*Counsel for Defendant South Trail Fire and Rescue District and Defendant, Amy Bollen*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

| COLE, SCOTT AND KISSANE | POLASKI, LLP |
|---|---|
| Horacio Ruiz-Lugo, Esq.<br>Justin Steven Maya, Esq.<br>9150 South Dadeland Blvd.<br>Suite 1400<br>Miami, FL 33156<br>horacio.ruiz-lugo@csklegal.com<br>justin.maya@csklegal.com<br><br>*Counsel for Defendant, A Safe Haven For Newborns, Gloria M. Siverio Foundation and*<br><br>*Counsel for Defendant, Nick E. Silverio* | Kevin P. Podlaski, Esq.<br>Adam Clay, Esq.<br>M. Brooks Pearce, Esq.<br>Nicholas A. Podlaski, Esq.<br>803 S. Calhoun Street<br>Suite 110<br>Fort Wayne, IN 46802<br>nick@podlaskilegal.com<br>Kevin@podlaskilegal.com<br>brooks@podlaskilegal.com<br>melanie@podlaskilegal.com<br>*Pro Hac Vice*<br><br>*Counsel for Plaintiff, Safe Haven Baby Boxes* |

On April 10, 2024, by CM/ECF.

    */s/Latasha Scott*
    LATASHA L. SCOTT, ESQ.