UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFE HAVEN BABY BOXES,

    Plaintiff,

v.                                             Case No.:  2:24-cv-51-JLB-KCD

A SAFE HAVEN FOR
NEWBORNS GLORIA M.
SILVERIO FOUNDATION, NICK
E. SILVERIO, SOUTH TRAIL
FIRE AND RESCUE DISTRICT
and AMY BOLLEN,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Nick Silverio's Motion to Stay Discovery Pending Resolution of His Motion for Judgment on the Pleadings. (Doc. 58).[1] The Court finds good cause to rule on this motion without a response from Plaintiff Safe Haven Baby Boxes Inc. For the reasons stated below, the motion is **DENIED**.

### I. Background

In Florida, a parent may surrender a child who is "30 days old or younger . . . at a hospital, an emergency medical services station, or a fire station." Fla.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Stat. § 383.50. Plaintiff sells a device that allows parents to do this anonymously. (Doc. 1 at 14.)

According to Plaintiff, Defendant A Safe Haven for Newborns Gloria M. Silverio Foundation made several false statements about the cost, legality, reliability, and safety of its product to Defendant South Trail Fire and Rescue District. (*Id.* ¶¶ 2-3.) The Fire District and an employee—Defendant Amy Bollen—then spread the false information to other fire stations, a key demographic of Plaintiff's customer base. (*Id.* ¶¶ 9-10, 19.) As a result, Plaintiff alleges these Defendants defamed and tortiously interfered with its business.

There is another defendant: Nick Silverio. Plaintiff alleges Silverio also libeled, slandered, and tortious interfered with its business. (*Id.* ¶¶ 16-32, 39-44.) But Silverio is only mentioned in passing before he is lumped in with the other defendants. (*See id.* ¶¶ 3, 19, 21, 44.)

Arguing that Safe Haven "failed to allege any facts against [him] that warrant [his] inclusion in this lawsuit," Silverio has moved for judgment on the pleadings. (Doc. 51 at 3.) He now asks the Court to stay discovery while his motion awaits disposition. (Doc. 58.)

"Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion." *Caicedo v. DeSantis*, No. 6:23-CV-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024). But a stay will rarely be

appropriate. *See* Middle District Discovery Handbook (2021) at 5. Normally, the pendency of a dispositive motion "will not justify a unilateral motion to stay discovery pending [its] resolution." *Id*.

Rather, "a stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and **truly case dispositive**." *Garvin v. Effingham Cnty. Sch. Dist.*, No. CV423-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024) (emphasis added). This is because "[d]elays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Caicedo*, 2024 WL 1579675, at *1.

Silverio's motion for judgment on the pleadings is dispositive. *See Christmas v. Corizon Health Servs.*, No. 8:17-CV-1183-KKM-SPF, 2021 WL 1821537, at *2 (M.D. Fla. Mar. 29, 2021). Yet, even if granted, it may not end the case against Silverio. There are two reasons for this result. First, the motion turns on a pleading deficiency—*i.e.*, the failure to state a claim upon which relief can be granted. (*See generally* Doc. 51.) Failing to state a claim is not a "threshold legal issue" that serves as "a complete bar to liability." *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *5 (S.D. Fla. Aug. 23, 2020). Second, Plaintiff could be allowed to amend. *See Noshirvan v. Couture*, No. 2:23-CV-1218-JES-KCD, 2024 WL 4188429, at *4 (M.D. Fla. Sept. 13, 2024).

3

Since Plaintiff may well cure the pleading deficiencies identified by Silverio, the motion is not truly case dispositive. *See LaFleur v. State Univ. Sys. of Fla.*, No. 8:20-CV-1665-T-36AAS, 2020 WL 7137993, at *2 (M.D. Fla. Dec. 7, 2020); *see also Steadfast Ins. Co. v. Progressive Cas. Ins. Co.*, No. 3:16-CV-1574-J-34JBT, 2017 WL 10433882, at *2 (M.D. Fla. May 15, 2017). "This fact militates against granting the requested stay." *LaFleur*, 2020 WL 7137993, at *2. Accordingly, Defendant Nick Silverio's Motion to Stay Discovery Pending Resolution of his Motion for Judgment on Pleadings (Doc. 58) is **DENIED**.

**ORDERED** in Fort Myers, Florida on October 4, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4