UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAFE HAVEN BABY BOXES,

    Plaintiff,

v.                                  Case No:   2:24-cv-00051-JLB-KCD

A SAFE HAVEN FOR NEWBORNS
GLORIA M. SIVERIO
FOUNDATION;
NICK E. SILVERIO;
SOUTH TRAIL FIRE & RESCUE
DISTRICT; and
AMY BOLLEN,

    Defendants.
_____/

## ORDER

This is a dispute between Plaintiff Safe Haven Baby Boxes ("SHBB") and Defendants A Safe Haven for Newborns ("SHFN"), Nick Silverio, South Trail Fire & Rescue District ("District"), and Amy Bollen. The dispute stems from a meeting where SHFN allegedly shared disparaging statements about SHBB. (Doc. 1 at ¶ 2). In its Complaint, SHBB brings four claims: (I) defamation (libel) as to all the Defendants; (II) defamation (slander) as to SHFN and Silverio; (III) libel per se as to Bollen; and (IV) tortious interference as to SHFN, Silverio, and Bollen. (*See* Doc. 1). The District and Bollen move to dismiss Counts I, III, and IV for failure to state a claim. (Doc. 43). Silverio moves for a judgment on the pleadings as to Counts I and II for failure to state a claim. (Doc. 51). SHBB responds to both motions respectively. (Doc. 50; Doc. 52). After careful review of the Complaint, the parties'

briefing, and the entire record, the Court **GRANTS** the Motion to Dismiss **in part** as to Counts I and IV and **DENIES** the Motion **in part** with respect to Count III. As to the Motion for Judgment on the Pleadings, the Court **GRANTS** the Motion as to Counts I, II, and IV.

## BACKGROUND

SHBB alleges that, in 2021, the District contacted SHBB to inquire about installation of a SHBB "Device" (*i.e.*, a baby box) at the fire station. (Doc. 1 at ¶ 1). In July of 2023, "SHFN contacted the District" at a Florida Public Information Officer meeting and gave several "false and misleading statements" about SHBB, including that: "SHBB's Devices have failed or are defective;" "[t]he Alarm System in the Device is not reliable;" "[t]he Device's weighted sensor is not reliable;" "[t]he device costs upwards of $16,000;" "[i]t is currently against Florida Law to leave a baby in the Device;" [t]he Devices are not supported by Homeland Security;" "[t]he Devices pose a threat to the safety of the surrendered infant;" "[t]he Device is a fixture so it is required to comply with certain listing requirements;" "[t]he Device is similar or the same as an unrelated organization based out of Germany's baby hatch; and . . . SHBB is required to have a safety rating." (Doc. 1 at ¶¶ 2–3).

The Complaint alleges that this same month, Bollen, a District employee, emailed other fire stations via her work account providing some of this information as justification for declining a request to consider installation of a SHBB Device, adding that "[t]he company who 'created' these boxes stole parts of their name to make it seem like [it and SHFN] were in it together." (Doc. 1 at 11–13).

In August of 2023, SHBB sent two cease-and-desist letters—one to the District and Bollen and the other to SHFN, which was addressed to Silverio. (Doc. 1 at ¶¶ 12–13; 14–19). The letters put the Defendants on notice that the foregoing statements were "false and misleading". (*Id.*). SHBB alleges that, upon receipt of the letter, the District and Bollen's counsel "den[ied] [SHBB]'s request to cease disseminating the foregoing statements" and "SHFN never responded." (Doc. 1 at ¶¶ 13, 15).

SHBB now brings various claims against the Defendants, arguing that all Defendants committed libel, SHFN and Silverio committed slander, Bollen committed libel per se, and SHFN, Silverio, and Bollen tortiously interfered with SHBB's business relationships. (*See* Doc. 1). The District and Bollen move to dismiss the counts in which they are implicated. (*See* Doc. 43). Likewise, Silverio moves for a judgment on the pleadings as to libel, slander, and tortious interference. (*See* Doc. 51). SHBB responded to both motions. (Doc. 50; Doc. 52).

## LEGAL STANDARD

### I. Motion to Dismiss.

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true,

3

and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. Motion for Judgment on the Pleadings.

Where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law," courts should grant a judgment on the pleadings. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116–17 (11th Cir. 1999)). "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)).

"The standard of review for a motion for judgment on the pleadings is identical to that used to decide motions to dismiss under Rule 12(b)(6) . . . ." *White v. State Nat'l Ins. Co.*, No. 8:12-CV-2828-T-26TGW, 2013 WL 12156318, at *1 (M.D. Fla. Apr. 12, 2013) (citing *Mergens*, 166 F.3d at 1117). Thus, "in ruling on the motion, '[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.* (alteration in original) (quoting *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005)).

## DISCUSSION

SHBB brings four claims: (I) defamation (libel) as to all Defendants; (II) defamation (slander) as to SHFN and Silverio; (III) libel per se as to Bollen; and (IV) tortious interference of a business relationship as to SHFN, Silverio, and Bollen.  Defendants Bollen and the District move to dismiss claims against them, and Defendant Silverio moves for a judgment on the pleadings as to the claims against him.

I. **Motion to Dismiss.**

SHBB alleges that both the District and Bollen committed libel and tortious interference by disseminating false information about its business and that Bollen committed libel per se against it.  The Court agrees with the Motion to Dismiss that the Complaint's allegations for libel and tortious interference are insufficient but disagrees as to SHBB's libel per se claim against Bollen.

A. **Defamation as to the District and Bollen.**

To plead a defamation claim, a plaintiff must allege: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *See e-ventures Worldwide, LLC v. Google, Inc.*, 188 F. Supp. 3d 1265, 1277 (M.D. Fla. 2016) (quoting *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1105–06 (Fla. 2008)).

The District and Bollen first argue that the statements were not published because SHBB does not specify "which defendant allegedly made a publication."

5

(Doc. 43 at 5). The Court disagrees. SHBB's Complaint specifies that "[a]ll Defendants have put into the public sphere the . . . statements and disseminated [the statements] among other Florida fire stations via email and other written communications."[1] (Doc. 1 ¶ 19).

The District and Bollen also argue that SHBB does not "show that the alleged false statements were given to a third-party about [SHBB]." (Doc. 43 at 5) (citing *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021) (finding that the complaint did not sufficiently allege publication where it showed the defendants tweeted the statement but did not allege that the tweets "were accessed by a third party")). However, the Complaint does allege that "[as] a result of the false and misleading statements, several fire stations . . . have refused to respond to [SHBB] regarding installations of the Device." (Doc. 1 ¶ 22). Viewing this in the light most favorable to SHBB, the Complaint does sufficiently allege that the statements were published to third parties. This is bolstered by the emails attached to the

---

[1] In its Response to the Motion to Dismiss, SHBB is seemingly making the argument that the Distict is liable for Bollen's statements as its employer. For instance, SHBB attempts to reword its Complaint, insisting that the Complaint "alleges that the District and Bollen . . . [p]ublished a false statement via Bollen's official work e-mail." (Doc. 50 at 4–5) (citing Doc. 1 at ¶ 10). That is inaccurate. The Complaint alleges that "Defendant Bollen and District knowingly sent communications . . ." without specifying how each defendant sent the communications other than by "email and other written communications" generally. (Doc. 1 at ¶¶ 10, 19). Indeed, the Complaint alleges that "[a]ll defendants" sent these statements. (Doc. 1 ¶ 19). Thus, because the employee-employer argument is not raised in the Complaint, the Court will not consider it. (*See generally* Doc. 1); *Davis-Harrison v. Chief United States Prob. Officer Middle Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024) (citing *Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022)) ("[A] plaintiff cannot amend [its] complaint through a response to a motion to dismiss.").

6

Complaint. (Doc. 1 at 11–13). At least one recipient of an email sent by Bollen containing the allegedly defamatory statements responded that she "appreciate[d]" the information and indicated that the statements informed her decision not to pursue getting a baby box. (Doc. 1 at 11); *see Dane St., LLC v. Nadeau*, No. 16-61565-CV, 2017 WL 11643830, at *2 (S.D. Fla. Mar. 7, 2017) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)) (explaining that the Court may look to the emails attached to the Complaint under the incorporation by reference doctrine "because the content of the emails is central to [SHBB's] claim and the emails are undisputed"). It is clear that the complaint adequately alleges defamation's publication element.

The Motion to Dismiss next contends that, pursuant to the substantial truth doctrine, SHBB fails to allege falsity of the statements. (Doc. 43 at 6–8). "[U]nder the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." *Parekh v. CBS Corp.*, 820 F. App'x 827, 834 (11th Cir. 2020) (quotation omitted). Specifically, the District and Bollen argue that SHBB fails to allege that any of the statements are "substantially and materially false" except Bollen's statement that SHBB is not endorsed by Safe Haven for Newborns. (Doc. 43 at 7) (quoting *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2024 WL 1075339, at *10 (M.D. Fla. Mar. 12, 2024)).

However, the Complaint lists the allegedly libelous statements before explaining that they are "false and misleading." (Doc. 1 at ¶ 18–19). Then, the Complaint alleges that "Bollen engaged in *further* libel" in her statement on the

7

lack of endorsement, describing it as a "false statement[]." (Doc. 1 at ¶ 20) (emphasis added). Thus, although not the most pellucid of allegations, SHBB's falsity allegations are sufficient.

The District and Bollen also dispute that Bollen did not make the alleged libelous statements about SHBB in her emails to other fire stations; rather, SHFN made the statements at the meeting and Bollen merely emailed a "synopsis" of that information, so it is "true[] or substantially true" that Bollen learned this information. (Doc. 43 at 7). But all publication requires is that the information was "disseminated." *See Mangel v. Daza*, No. 219CV525FTM38MRM, 2019 WL 6716161, at *3 (M.D. Fla. Dec. 10, 2019) (finding that the defendant disseminated the defamatory statements when she "shared the news article on her Facebook and at least three of her friends responded"). Moreover, reading the Complaint in light most favorable to SHBB, Bollen did not merely share the information for the sake of summarizing the meeting—she disseminated the information with the intent to discourage the recipients from contracting with SHBB. (Doc. 50 at 9).

Next, the District and Bollen argue that the fifth element requiring the statements be defamatory is insufficiently alleged. (Doc. 43 at 8–9). This argument fails. The Motion focuses on Bollen's statement that SHBB "stole" a portion of SHFN's name. (Doc. 43 at 8; Doc. 1 at ¶ 20). Specifically, the District and Bollen argue that it is substantially true that SHBB stole the phrase "Safe Haven" and "it as an opinion or idiom in modern vernacular" such that "no reasonable mind would conclude that the word stole is used literally." (Doc. 43 at 9). The Court disagrees.

8

It is certainly possible that reasonable minds could differ as to whether Bollen used "stole" literally. Thus, whether the statement is defamatory cannot be decided at this stage of litigation. Even if not used literally, the statement may be interpreted to mean that SHBB is so named "to create an endorsement that does not exist, which speaks to the honesty and reputation of SHBB." (Doc. 50 at 9).

Finally, the District and Bollen argue that the third element is insufficiently pleaded because SHBB did not allege that the statements were made negligently or with actual malice. (Doc. 43 at 9–11). The Court agrees. An allegation that a defendant acted "with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person" should also specify whether the plaintiff is a private individual or a public official or figure. *See Silvester v. Am. Broad. Companies, Inc.*, 839 F.2d 1491, 1493 (11th Cir. 1988) ("The test for determining liability in a defamation case turns on whether the libeled party is a public or private figure and on whether the defamatory publication addresses a public or private concern.").

SHBB does not allege it is either; instead, it simply restates the element. (*See generally* Doc. 1 at ¶¶ 16–24). The only facts alleged in the Complaint that *could* be an allegation of actual malice or negligence are that the false statements were made in July of 2023 and, after SHBB sent a cease-and-desist letter to Bollen the next month, the "District and Bollen's counsel[] den[ied] [SHBB]'s request to cease disseminating the foregoing statements." (Doc. 1 at ¶¶ 2, 9–10, 21). But these allegations fall short. Refusing to stop disseminating the statements does not

9

equate to actual dissemination. There is no suggestion that the Distict or Bollen disseminated the statements with actual malice or negligence prior to receiving the letter.

Therefore, the Complaint fails to state a claim for defamation as to the District and Bollen.

### B. Libel Per Se as to Defendant Bollen.

In Florida, "[a] written publication constitutes libel per se . . . if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015) (citing *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953)). The Complaint argues that Bollen's statement that SHBB "stole" part of SHFN name constitutes libel per se because it injured SHBB's in its trade and subjected it to such hatred, distrust, etc. (Doc. 1 at ¶¶ 34–38). Bollen argues that neither claim is sufficiently pleaded. The Court disagrees.

Bollen first insists that the Complaint is devoid of any evidence that the statement actually subjected SHBB to hatred, distrust, ridicule, or disgrace. Though true, it is not necessary to make such a showing for purposes of stating a plausible claim. In *Block v. Matesic*, No. 21-61032-CIV, 2023 WL 3816693, at *2 (S.D. Fla. June 5, 2023), the court rejected the defendants' argument that a plaintiff must provide "specific and concrete evidence that [p]laintiff has . . . already been subjected to distrust, ridicule, hatred, contempt, or disgrace . . . ." Instead, the court

found that the plaintiff sufficiently pleaded a claim for libel per se because it alleged that the libelous letter "tends to subject [the plaintiff] to hatred, distrust, ridicule," etc. and that "reasonable reader[s] . . . would also come to distrust [p]laintiff and hold him in ill repute." *Id.* Thus, SHBB's allegation that Bollen's statement damaged its "reputation for honesty when contracting with emergency service providers" is sufficient to plead libel per se. (Doc. 1 at ¶ 37).

In the same vein, Bollen argues that the Complaint does not "show that any emergency service provider refused the Device as a result of Defendant Bollen's statement" and, therefore, the Complaint fails to allege that the statement injured SHBB in its trade or profession. (Doc. 43 at 13). Again, such evidence is unnecessary at this stage of litigation. It is enough that SHBB alleges that the statement caused reputational damage and that "several fire stations . . . have refused to respond or speak to [SHBB]" as a result. (Doc. 1 at ¶¶ 22, 33, 37–38); *see Matonis v. Care Holdings Grp.*, L.L.C., 423 F. Supp. 3d 1304, 1315 (S.D. Fla. 2019) (finding that the plaintiff adequately pleaded libel per se by "alleg[ing] that the statements tend to injure her profession . . . because no company would do business with [the plaintiff] if it believed" the statements and she "was harmed by the diminished economic value of the . . . reputation she built . . .").

Thus, SHBB has sufficiently pleaded a claim against Bollen for libel per se.

### C. Tortious Interference with a Contract or Business Relationship as to the District and Bollen.

"Under Florida law, the elements of an interference with a business relationship claim are: (1) the existence of a business relationship, (2) the

11

defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship." *Vibo Corp., Inc. v. US Flue-Cured Tobacco Growers, Inc.*, 762 F. App'x 703, 706 (11th Cir. 2019) (quoting *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999)).  The Distict and Bollen argue that SHBB fails to sufficiently plead the first, second, and third elements of tortious interference.  (Doc. 43 at 13–17).  The Court agrees.

Florida law allows plaintiffs to "bring a cause of action alleging tortious interference with present or prospective customers but" does not allow a tortious interference claim "with a business's relationship to the community at large." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). Generally, the business relationship must be "evidenced by an actual and identifiable understanding or agreement which *in all probability would have been completed* if the defendant had not interfered."  *Id.* (emphasis added).

SHBB alleges that, after it "reached out to District about installing a Device at their location, . . . District and Bollen began communicating with SHFN regarding the false and misleading statements" and then "began disseminating the . . . statements . . . among other Florida fire station personnel."  (Doc. 1 at ¶¶ 41–43). Nowhere does SHBB allege that it had an "identifiable understanding or agreement" with the District or any of the other Florida fire stations that "in all probability would have been completed if" not for the District and Bollen's statements.  (*See generally* Doc. 1); *Ethan Allen, Inc.*, 647 So. 2d at 815.

12

Because there is no business relationship that the District or Bollen interfered with, the second and third elements of tortious interference—defendant's knowledge of the business relationship and intentional and unjustified interference of the business relationship—also fail.

Thus, SHBB fails to sufficiently allege tortious interference of a business relationship.

## II. Motion for Judgment on the Pleadings.

SHBB claims that Silverio committed libel, slander, and tortious interference against it. Silverio moves for a judgment on the pleadings, arguing that SHBB fails to state claims for any of the counts. The Court agrees.

### A. Defamation (Libel) as to Defendant Silverio.

Silverio argues that SHBB did not allege "the identity of the [publisher], description of the statement, [the] time frame within which the publication occurred." (Doc. 51 at 9) (alterations in original) (quoting *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012)). As discussed, SHBB does allege that "[a]ll Defendants" disseminated the statements, which includes Silverio. (Doc. 1 at ¶ 19); (*see* discussion *supra* Part I.A.). SHBB also detailed the allegedly harmful statements, listing each statement in its Complaint. (Doc. 1 at ¶ 2). However, SHBB does not provide a time frame in which Silverio made or disseminated these statements.

Though the Complaint alleges that SHFN made the same statements at the

13

meeting "around July 2023," it does not include any time frame for Silverio.[2] (*See* Doc. 1 at ¶ 2); *Brehm v. Seminole Towne Ctr. Ltd P'ship*, No. 6:11-CV-965-28GJK, 2012 WL 405415, at *9 (M.D. Fla. Jan. 12, 2012), report and recommendation adopted, No. 6:11-CV-965-ORL-28, 2012 WL 405387 (M.D. Fla. Feb. 9, 2012) (dismissing without prejudice plaintiff's defamation claim where he "ha[d] not alleged a time frame when the alleged defamatory statements were made").

On this basis, SHBB fails to state a libel claim against Silverio.

### B. Defamation (Slander) as to Defendant Silverio.

"Slander is a spoken or oral defamation of another which is published to others and which tends to damage that person's reputation, ability to conduct that person's business or profession, and which holds that person up to disgrace and humiliation." *Scott v. Busch*, 907 So. 2d 662, 666 (Fla. 5th DCA 2005). SHBB's slander claim relies only on the meeting where "SHFN made several verbal statements that were false or misleading . . . ." (Doc. 1 at ¶ 28).

Nowhere in the Complaint does SHBB allege that Silverio made any verbal statement defaming SHBB. In fact, the *only* fact in the Complaint implicating

---

[2] SHBB's Response to the Motion for Judgment on the Pleadings suggests that its claims implicate Silverio through his employment at SHFN. (*See* Doc. 52 at 5) ("Silverio is the Chief Executive Officer for SHFN."). However, both the Complaint and the Response are deificent of any facts supporting this argument. (*See generally* Doc. 1; Doc. 52). In fact, the Complaint does not allege that Silverio is employed with SHFN, and neither it nor the Response discuss why this employment is relevant. (*Id.*); *Bell v. Novartis Pharms. Corp.*, No. 808-CV-00030-EAK-EAJ, 2008 WL 2694893, at *4 (M.D. Fla. July 3, 2008) (dismissing plaintiff's defamation claim where he "failed to identify . . . how the [representative of the defendant's] statement was made in connection with [the representative's] performance or job duties as" an employee of the defendant).

14

Silverio alleges that "[a]ll Defendants" disseminated "false and misleading statements . . . *via email and other written communications*." (Doc. 1 at ¶ 19) (emphasis added).

Because SHBB never alleges an instance in which that Silverio committed slander, this claim fails.

### C. Tortious Interference with a Contract or Business Relationship as to Defendant Silverio.

SHBB has not established any business relationship between SHBB and the District or other fire stations. (*See* discussion *supra* Part I.C.); (Doc. 51 at 13). Thus, just as Bollen could not have interfered with a non-existent relationship, neither could have Silverio.

## CONCLUSION

The Court **GRANTS** the Motion to Dismiss Counts I and IV **in part** and **DENIES** the Motion with respect to Count III. The Court **GRANTS** the Motion for Judgment on the Pleadings as to Counts I, II, and IV. However, the Court will grant SHBB leave to amend its Complaint because it is not "beyond doubt" that SHBB could allege sufficient facts and "a court 'should freely give leave' to amend 'when justice so requires.'" *Hawethorne*, 140 F.3d at 1370; *Poole v. Wichard S.A.S.*, No. 21-12806, 2022 WL 2903400, at *2 (11th Cir. July 22, 2022); Fed. R. Civ. P. 15(a)(2). An amended complaint must plead each claim with specificity and cannot raise additional claims. No further leave to amend will be granted.

Accordingly, it is **ORDERED**:

1. The Motion to Dismiss (Doc. 43) is **GRANTED in part** and **DENIED in part**.

2. The Motion for Judgment on the Pleadings (Doc. 51) is **GRANTED**.

3. Counts I, II, and IV of the Complaint (Doc. 1) are **DISMISSED without prejudice** as they pertain to Defendant Silverio.

4. Counts I and IV of the Complaint (Doc. 1) are **DISMISSED without prejudice** as they pertain to Defendant Bollen.

5. Counts I and IV of the Complaint (Doc. 1) are **DISMISSED without prejudice** as they pertain to Defendant District.

6. The Motion to Dismiss (Doc. 43) is **DENIED** as to Count III of the Complaint.

7. Plaintiff shall have leave to file a second amended complaint. If Plaintiff chooses to do so, it must file the second amended complaint within twenty-one (21) days. Failure to do so will result in dismissal with prejudice of Counts I and IV against Silverio, Bollen, and the District, and Count II against Silverio without further notice.

8. No additional/new claims may be raised in any second amended complaint.

9. No further leave to amend will be granted.

10. The Clerk is **DIRECTED** to enter judgment accordingly.

**ORDERED** in Fort Myers, Florida, on February 28, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE